Good morning. We have three or cases on calendar that are being submitted on the briefs. Those are 23-1162 Felipe Gonzales, Gonzales v. Pamela Bondi, 23-2258 Miguel Sagano, Gonzales v. Pamela Bondi, 24-5650 Kenneth Paul Hogus v. Frank Bisignano, and then 25-872 Melanie Beauchamp v. Mary Kate Flaherty. In accordance with the respective orders previously entered on the dockets of those four cases, those four cases are hereby submitted on the briefs. So we will proceed with argument in the first case on calendar for argument this morning, which is 24-1092 Juan Antonio Perez-Garcia v. Pamela Bondi, and we'll hear first from Mr. Stender. Good morning. May it please the Court, Chris Stender on behalf of Juan Antonio Perez-Garcia, I'd like to reserve one minute of my time for rebuttal. Patel v. Garland does not limit this Court from taking notice of evidence that is established in the administrative record. This Court has jurisdiction over the case for five reasons. One, because the proper standard of review is deniable for legal issues. Supreme Court precedent favors it. Three, due process requires it. Four, judicial and administrative notice permits it. And five, voluntary departure can be reviewed by this Court if legal issues are presented. What makes it a legal issue here? Because it looks like an egregious factual error. The BIA made a statement which we all know is directly contradicted by the only pertinent evidence in the record, but that seems like a factual error. Well, the legal requirements in order to be eligible for voluntary departure by statute and regulation require the payment of a voluntary departure bond. So that is a legal requirement in order to be eligible. The judge ordered it and it was paid. So while there's a factual issue of whether or not the bond was paid, that is an element in order to be eligible legally. But the BIA correctly understood what the standard was and it applied it to the facts. It just got the facts wrong. Right. Counsel, was there a determination made by the BIA? I mean, I think there is a difference between sort of the facts and Patel that talk about the agency sort of reviewing conflicting evidence on both sides and ultimately making a determination. Here, it really is just a mistake or an error. I don't read what the BIA did to have been a factual determination. That's our argument. We would agree with that. There's just, I mean, I don't think you can read Patel v. Garland and say that the court should ignore evidence that's in the record. It's in the administrative record. The statute itself requires this court to make its determination of eligibility based on the administrative record. Let me ask you this, and I'm going to ask your friend on the other side the same question. If the legal requirement is that a bond be paid and that IJ clearly required that petitioner pay the $500 bond within this period of time in order to be eligible for voluntary departure, but then the BIA denied relief based on the failure to timely submit proof, what do we do with the fact that the BIA sort of changes, putting aside for a moment that it's factually a mistake whether or not the bond was paid timely, there's this sort of layer of additional requirement that the BIA imposes, which is that there needs to be a timely submission of proof of the payment of bond when the legal requirement, I think as you noted, is simply to pay the bond. Patel Well, there is a regulation that talks about that in ACFR 1240.26C3 Romanette 3. O'Neill Can you say that again, please? Patel Yes, I'm sorry if that's too fast. It's lengthy. ACFR 1240.26C3 Romanette 2, I'm sorry, that says, I'll quote it, an alien who has been granted voluntary departure shall, within 30 days of filing an appeal with the board, submit sufficient proof of having posted the required voluntary departure bond. So, it is a requirement, at least a regulatory, I think it's also a statutory requirement because obviously the statute talks about voluntary departure bonds. Is Flores Molina, which also was decided in 2022, which indicates, quote, where the BIA does not consider all of the evidence before it, either by misstating the record or failing to mention highly probative or potentially dispositive evidence in its decision, is legal error and cannot stand. Isn't that a better case for you in characterizing this as a legal error? Patel I'm sorry, could you repeat the question? Romanette Sure. Flores Molina, which is 37F4626 at 632 states, misstating the record or failing to mention highly probative or potentially dispositive evidence in its decision is legal error and cannot stand. Are you arguing that that's the case here, that this was in fact legal error and that that case supports your position? Patel That's exactly what I'm arguing. Yes, that's true. And I think Judge Corman's concurrence in that case speaks about it on at 640 and 641. And he cites to Guerrero-Lasprilla that says if you have settled facts and you're going to the law, then it's a de novo review and it's something the court can get to. But what's the line between failing to consider or to accurately describe the evidence and a factual mistake that's unreviewable under Patel? Because one of the points that Justice Gorsuch made for four justices in dissent in Patel was that there was an egregious factual error. And that was that the agency had thought that in making a credibility determination about Patel in that case, that he had an incentive to lie on the driver's license form. In fact, that was admittedly false because he was eligible for it regardless of whether he checked the box. And so Justice Gorsuch said there's an egregious factual mistake, clear misrepresentation of the record and the decision. And yet the majority said it is not reviewable. So what is the line between an erroneous, clearly erroneous factual determination review of which is barred by Patel and a legal error of failing to consider or accurately characterize the record? Well, I think in Patel you have testimony, you have weighing of evidence, you have truthfulness, you have issues there that the court has to kind of get into the weeds and weigh what kind of evidence it is. And here I think you have a bright line because you have proof in the administrative record which this court through statute is required to consider in making its decision. So one way you could distinguish it is that you have evidence in the record that nobody's really, the government itself agrees it's in the record and recommends that this case be remanded for that. So nobody's arguing that that factual issue is not in the record and the proof is not in the record. George Gorsuch, one of my favorite justices of the Supreme Court, in his, in foot number three, points to Supreme Court precedent from 1987 and he says in Colorado National Bank versus Commissioner states that it's set a law that findings of fact made by an agency will not be on review if it is supported by substantial evidence. But whether there is substantial evidence to support a finding is a question of law. But that's a proposition if taken to its logical conclusion as the dissent urge would overrule Patel on its facts because the substantial evidence test is whether or not any reasonable fact finder would be compelled to reach the conclusion. That's the factual, the review of fact finding that is barred by Patel. So Patel bars the application of that substantial evidence standard in reviewing factual issues. So it can't be that every substantial evidence determination is a legal question because then Patel has, there's nothing left of Patel. So that's what I, what I'm struggling with. I understand the clarity of this situation, but where is the line? Because we have to draw a line. If you want to leave something left of Patel, we can't overrule Supreme Court decisions, but that nonetheless puts your case on the other side. And I'm looking for your argument as to how that line should be drawn. No, I agree. And I think I spoke, I hate to use the term, but I understand the slippery slope and I did struggle with this and coming up with the argument. I think I would try to lay down a marker in that you have evidence in the record and you can't ignore it. The statute requires you to consider the evidence in the record. Is there, is there anything to be made here of the fact that there wasn't any consideration of conflicting evidence? You know, it seems to me that in Patel, whether or not it was a grave factual mistake or error, there was arguments on both sides in terms of the conflict of evidence that the court ultimately weighed. And here that wasn't the case. There was, and as you noted, the government concedes that the evidence was in fact in the proof of the payment of bond and the actual payment of bond are undisputed. So is that perhaps where the distinction may lie? Yes, I think it's a good place to, that it could lie there. I think what's kind of interesting about this case is the payment of the bond is something that happens outside of court. The judge doesn't confirm it. It gets paid and then it gets filed along with the notice of appeal. It's, it is a regulatory and statutory requirement that kind of something that takes place outside the court that a judge, there are no arguments made whether or not it's done right. It's either you did it or you didn't do it. It's kind of a cut and dry issue. It was done here. It's in the record. And I don't think you can read Patel to say that the court should ignore evidence that all the parties agree is in the record. There's no dispute on it. There was, I think, a dispute in Patel. There's not a dispute here. It's in the record and it's unequivocal. And I think for that reason, this case should be remanded to the BIA, at least for the application of voluntary departure, which was denied. We've taken you over your time without questions. So I'll give you your, the one minute you requested for rebuttal. Thank you, Your Honor. All right. We'll hear now from Ms. Pham. May it please the court, Nancy Pham for the Attorney General. Your Honors, the court should deny the petition for review in full. First, substantial evidence supports the agency's determination that petitioner failed to establish exceptional and extremely unusual hardship to his qualifying relative. And turning to what this court is most interested in, the second issue, this court lacks jurisdiction to review the agency's discretionary grant or denial of voluntary departure. Did you make that argument, counsel? Your Honor, in response to the court's August 28th order, the government has reconsidered its position from briefing in light of Patel. I mean, this court either has jurisdiction or doesn't have jurisdiction. It is an issue that we need to decide regardless. But I find it a little troubling that the government is making an argument now that is a complete 180 from what it said in its papers. And you can't say that it was in regards to Patel. Patel was decided in 2022, correct? Yes, Your Honor. Okay. So suddenly you just realized that Patel was an issue at three years later? Your Honor, I think in this case, respondent is sort of struggling and grappling with the same issue that the courts have been discussing, which is that the record seems to indicate that petitioner did file timely proof of his bond payment. And that seems to be a factual overlooking of a fact in the record. At the same time, we have the precedent in Patel, which clearly states that federal courts lack jurisdiction. Let me ask you a hypothetical. Suppose that there's an entire category of evidence in the record, and it's clear from the BIA and the legal question. Your Honor, I think that it would turn on what the relief or basis is. Suppose that it's otherwise within a determination that's on the statutory list at issue in Patel. Is that is that a factual issue or legal question that the entire category evidence was declined to be considered by the agency in making the factual determination? Would that be a legal issue? Your Honor, I think that is probably heading towards more towards the legal issue lane. But even still with that line of question, Your Honor, Wilkinson v. Garland discusses basically when there's application of facts to a legal standard and there's just a complete conscious disregard. So what's what's to stop an agency in the next case from just consciously disregarding, ignoring facts that are undisputed in the record? Or perhaps, as your friend on the other side said, a fact that they don't even have to make a determination about because it's a zero sum thing. You either did it or you didn't do it. What's to stop an agency from just disregarding that? Because the the law, I think, as you're arguing now, is that that always will deprive us of jurisdiction because it's a factual determination. Yes, Your Honor, what's preventing the courts from doing that is just, you know, their duty to carefully review the evidence and for the duty. Did that happen here? I can't speak to what the board did or did. Well, you agree that there was, in fact, a bond that was paid, correct? Yes, Your Honor. And you also agree that there was timely proof of the bond, correct? Yes. So was there a careful review of the record to determine whether or not a bond was timely paid and proof was made? Your Honor, I can't speak to what the board did here. It did. It does look. You have to speak to what the board did here. You're defending its decision. That's your job. So tell us how we put this into the legal framework. You can't say you don't have to decide it. We have to decide this case and we're looking for your assistance. Yes, Your Honor. The board does appear to have overlooked this piece of evidence and it's. Why doesn't that squarely fit in with what we said in Flores Molina when it does overlook it? And a month later, they clearly know what the Supreme Court has said in Patel. And they there said, when you forget to review certain information, that's a legal error. Yes, Your Honor. Flores Molina was decided after Patel. But if you look at the case itself, it does not mention Patel at all or grapple with Patel's holding. And I understand that that might be an uncomfortable position in this case. But Patel clearly holds that there's no jurisdiction to review facts found as part of discretionary relief under 1254A2 Bravo. And what was going on in Flores Molina? But a factual finding can have predicate legal issues that underlie it. And so the example I started with was you declined to consider a category of evidence or you have an evidentiary ruling. And I say, I won't look at this type of evidence. That evidentiary ruling can be reviewed as a legal error. And it could and a factual finding that rests on that could topple as a result. Correct? Yes, Your Honor. Potentially, yes. And so here, why shouldn't we read this record as follows that the agency has told us that it failed to consider all of the evidence in the record because it's impossible for it to have said what it said if it had done so. And therefore, it categorically failed to consider some of the evidence in the record. So it wasn't making a judgment in the sense that Patel discusses, but was making the legal error of failing to consider all of the evidence in the record. And therefore, it's a legal question. Why is that wrong? Your Honor, because this is a purely factual question. There's no legal analysis. I believe my friends called it a bright line, a cut and dry issue. The petitioner either pay the bond timely and gave proof of that or he did not. And in Patel, as Your Honor mentioned earlier in the dissent, the dissent certainly acknowledges. Suppose the BIA decision said we didn't look at that document that said AR 35 and 36 or whatever the page number is. Suppose they said that indecision. We did not look at it. And here's our factual finding. Can we review that? Is that a legal error in failing to look at that document? Your Honor, I would still say that that's a factual determination. How is that factual? How is that different from excluding evidence under an evidentiary rule? It's different, Your Honor, because basically Patel acknowledges this and says that, you know, the factual findings, as uncomfortable as it may be, they are unreviewable. The factual determination in Patel was a credibility determination. They were weighing conflicting evidence to make a determination. You acknowledge that the facts in Patel are different than the facts here, correct? Yes, Your Honor, but what the decision in Patel turns on is whether the petitioner, whether the driver's license required him to have citizenship. And that's what that credibility determination really came down to. No, I mean, that might have been part of it, but there was a determination made about whether or not he had inadvertently or mistakenly checked the box or intentionally checked the box, correct? Yes, Your Honor. But there's a difference between looking at all the evidence. Here's my question. Explain to me why there's a difference between looking at all the and then screwing it up, which is what happened arguably in Patel and not looking at all the evidence. Your Honor, I think the the the weighing of evidence and sort of screwing it up, as you put it, is more along the lines of legal error. But to weigh the evidence, it has to be put in the scale. What the BIA has told us here is that they didn't put this in the scale. Yes, Your Honor. May I, if I may, I see that I only have a minute left. There are two points that aren't in our brief that I would really like to make about Flores Molina. Flores Molina is distinguishable from what we have here because the relief at play there, humanitarian asylum, is not enumerated in 1252 A to B. So it is under Patel out of out of what would be what would be unrevealable. So that's the first point, Your Honors. And the second is that in Flores Molina and this case that they cite Cole, what's going on there is underlying cat relief and cat relief itself is not discretionary relief by statute. And in addition to that, the court in Cole specifically mentions that the regulations implementing cat explicitly require the IJ to consider all evidence relevant to the possibility of future torture. So the underpinning of cat in in those cases in Cole and Flores Molina, that is what is driving the decision and the ruling of legal error there. And here we have a factual, admittedly the record appears to show a factual error. And as uncomfortable as that may be under Patel, this court has no jurisdiction to review that factual finding. And under Riley v. Bondi and Figueroa Ochoa, this court must be assured of its jurisdiction, you know, at the start. And if there are no further questions, Your Honor. All right. Thank you, Counsel. So we'll hear rebuttal now. Thank you, Your Honor. And just briefly, I would disagree with government counsel that this was a discretionary determination. Obviously, the BIA did not apply any discretion in denying. I think your point was only that Patel only applies to the enumerated provisions, all of which involve ultimately discretionary judgments, but have eligibility components. And that cat and the other item at issue in Flores Molina were not on that list. And that was her point. Yes, I see. But I just OK, if that was not a distinction that needed to be made, then that's fine. And I think that I mean, what's troubling and I think to the court and I mean, government counsel struggling with this, I don't think you can read Patel to say that the court has to be blind to matters that are established in the record. It can't stand for that. Perhaps this is the rule of unintended consequences. But the problem is that the when we were if we had factual error review of the sort that Patel bars, if we had it, the only time we can reverse a factual conclusion is when any reasonable adjudicator would be compelled to conclude to the contrary. So we only can reverse a factual finding if it is an obvious factual error. And so we can't be the rule that every obvious factual error is a legal error gets out of Patel because then Patel is a shell. It's gone and we can't do that. So there has to be a line between the obvious factual errors that Patel allows to stand and what you're advocating here if you want to escape Patel. And there is statutory support that the court has to make its decision based on the administrative record. And this is an administrative record. So it's not just a Patel situation, I think. There is in the statute a requirement that the court consider the evidence in the record. I think the court can hang its head on different issues. But I understand if you want to draw a bright line, and that's what we've been discussing here at length, this is a difficult situation. But again, I just fall back. So the line you would draw is between weighing the evidence in the scale and placing the evidence on the scale. Well said. And with that, if there's no further questions, I'll finish. Okay. All right. Thank you, counsel. Thank you very much. Case just argued will be submitted.
judges: COLLINS, MENDOZA, DESAI